LEMBERG LAW

**Sergei Lemberg, Esq.**

43 Danbury Road
Wilton, CT 06897
Tel: 203-653-2250

Office:203-653-2250 x5500
Fax:203-653-3424
Email:slemberg@lemberglaw.com

September 8, 2026

**BY ECF**

Hon. Jessica S. Allen, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *Rains v. Jaguar Land Rover North America, LLC, et al.*
Case No. 2:22-cv-04370-EP-JSA
Letter re: Discovery Dispute

Dear Judge Allen:

I represent the Plaintiffs in this putative class action arising out of Defendants' sale of Land Rover Defender vehicles with undisclosed defects that result in spontaneous windshield cracks, with many purchasers paying for several windshield replacements that cost upward of $3,500.00. Pursuant to Local Rule 37.1(a)(1), I write to address certain discovery disputes between Plaintiffs and Defendants Jaguar Land Rover North America, LLC ("JLRNA") and Jaguar Land Rover Limited ("JLR Limited," and together with JLRNA, the "Defendants"). Because Your Honor's practice is that no formal discovery motion be made without prior leave of Court, Plaintiffs submit this letter under Local Civil Rule 37.1(a)(1) and respectfully request that the Court resolve these disputes.

On August 19, 2026, after exchanging letters addressing the discovery disputes, the Parties met and conferred by videoconference. However, to date Defendants have refused and/or failed to produce certain discovery to Plaintiffs. Therefore, Plaintiffs respectfully request that the Court resolve the disputes and order Defendants to produce the following categories of discovery to Plaintiffs. The requests and responses at issue are set forth verbatim in Exhibit A, submitted herewith pursuant to Local Civil Rule 37.1(b)(1). The Parties are at an impasse on each of the three issues below.

1. **JLR Limited's production of marketing and advertising materials concerning the Class Vehicles**

Plaintiffs' Request for Production No. 5 to JLR Limited sought "[c]opies of all marketing and advertising materials concerning the Class Vehicles that was developed for the United States market." *See* Exhibit A at p. 6. JLR Limited objected that this request does not seek relevant materials because Plaintiffs purportedly "allege[ ] only omissions rather than affirmative

representations." *Id.* The objections should be overruled as courts have "construed Rule 26(b)(1) liberally" such that discovery "may encompass any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case" and "relevancy is to be broadly construed for discovery purposes and is not limited to the merits of the case or the precise issues set out in the pleadings." *Jamal, et al. v. Ally Financial, Inc., et al*., 2026 WL 2481663, at *9 (D.N.J. Aug. 25, 2026) (internal citations and quotation marks omitted); *see also Lifescan, Inc. v. Smith*, 2023 WL 7089665, at *2 (D.N.J. Oct. 25, 2023).

Here, the advertising and marketing materials sought are directly relevant to Plaintiffs' claims and the allegations in the Consolidated Class Action Complaint. First, Plaintiffs do allege affirmative misrepresentations despite JLR Limited's claims to the contrary. For instance, Plaintiffs allege that "Defendants have affirmatively represented that their Defender Class Vehicles are durable and tough," specifically citing to statements made by Defendants on their website (Dkt. No. 86 ("CCAC") ¶ 229); and allege that "[b]y affirmatively misrepresenting the Class Vehicles as durable and tough, and by failing to disclose and concealing the defective nature of the Class Vehicles' front windshield from Plaintiffs and Class Members, Defendants concealed and suppressed material facts concerning the performance and quality of the Class Vehicles." *Id.* ¶ 274. By way of example, one video available online shows the vehicle marketed as capable and durable, so these exist and are accessible to Defendants. https://www.youtube.com/watch?v=MCte8uLfPFQ

Thus, JLR Limited's marketing and advertising concerning the Class Vehicles – which will reveal additional claims and characterizations of the Class Vehicles including their alleged ruggedness and durability – are directly relevant to the claims in the operative complaint. Second, even if Plaintiffs' claims were strictly limited to omissions, the marketing and advertising materials Plaintiffs seek are relevant because they represent one avenue through which Defendants could have (but did not) disclose the alleged windshield defect to Plaintiffs and other putative class members. Third, the marketing and advertising materials are also relevant to whether Defendants' affirmative statements about the Class Vehicles gave rise to a duty to disclose the windshield defect to avoid rendering those statements misleading half-truths. Fourth, the marketing and advertising materials are relevant to the materiality element of the fraud and consumer protection claims as they may inform what characteristics of the Class Vehicles Defendants and consumers deemed important to the sale/purchase of the Class Vehicles. Fifth, the materials bear on the fraud-in-the-inducement exception to the economic loss doctrine. This Court dismissed four Plaintiffs' common law fraudulent concealment claims on economic loss grounds precisely because, on the prior pleading, "Plaintiffs d[id] not plead fraud in the inducement." Dkt. No. 44 at 21. The CCAC now pleads affirmative misrepresentations, and Defendants' marketing and advertising materials are the central evidence bearing on that theory.

Given that JLR Limited raises no objections that producing the requested materials would be burdensome, difficult or costly (*see* Exhibit A), the Court should order JLR Limited to produce all marketing and advertising materials concerning the Class Vehicles that were developed for the United States market.

Defendants should produce all materials concerning the 2020–2022 Land Rover Defender that were developed for, directed to, or approved for the United States market, including website

and digital content, brochures and print collateral, television and video advertising, dealer-facing sales and training materials, and press and launch materials.

**2. Defendants' failure to withdraw unilateral relevancy redactions**

Much of the production Defendants have made has various, repeated and often disruptive "relevancy" redactions that are both improper and not tracked in any way on any privilege log. That is not allowed. "The majority of federal courts have held that unilateral redactions based on one party's subjective view of relevancy are improper." *Gen. Motors LLC v. Ashton,* 2023 WL 1765711, at *3 (D.N.J. Feb. 3, 2023) (internal citation and quotation marks omitted); *see also Roe v. Wyndham Worldwide, Inc.*, 2023 WL 5348862, at *9 (D. Del. Aug. 21, 2023) ("it is well-established that a party may not redact information that it unilaterally deems sensitive, embarrassing, or irrelevant.") (collecting cases) (internal quotation marks omitted). This is consistent with Rule 34 which speaks to the production of documents, not portions of documents, and which does not authorize relevancy redactions whatsoever. *See* Fed. R. Civ. P. 34. Nonetheless, each of the Defendants' document productions to date has included significant portions of unilateral relevancy redactions. Specifically, Defendants have blacked out large portions of the thousands of documents that they otherwise deemed discoverable and relevant, based on their unilateral view that certain portions of these documents are not relevant. In total, Plaintiffs have identified at least 647 documents comprised of more than 1,700 pages that contain "REDACTED – NON-RESPONSIVE" redactions. As the above courts have held, these redactions are inappropriate and must be withdrawn. Nor can Defendants justify the redactions on confidentiality grounds. The Discovery Confidentiality Order entered in this action, Dkt. No. 32, already protects any competitively sensitive material contained in the produced documents, and Defendants have availed themselves of it in designating their productions. Where a protective order governs, unilateral relevancy redactions serve no purpose that the order does not already serve. Representative examples of the redacted productions are submitted herewith as Exhibit B.[1]

During conferrals between the Parties, Defendants have suggested that it is Plaintiffs' duty to comb through the thousands of individual relevancy redactions made by Defendants and highlight objectionable redactions. But this flips the burden on its head; it is Defendants who must produce relevant documents in their entirety and it is Defendants who have the burden of justifying their objections, not Plaintiffs. *See Gen. Motors LLC,* 2023 WL 1765711, at *4 ("if a document contains relevant information, the producing party must furnish the entire document rather than the portions of the document it deems relevant."). Moreover, Defendants have not provided any logs or other materials explaining the reasoning behind the redactions so Plaintiffs have no insight into which information is being improperly withheld. Given the imbalance of information, where Plaintiffs would be required to simply guess as to which types of information were blacked out, Defendants' position should be rejected. Accordingly, given Defendants' refusal to "furnish the entire document[s] rather than the portions of the document[s] [Defendants] deem[ ] relevant," *id.,* Plaintiffs move the Court to compel Defendants to do so.

---

[1] Given that nearly all of Defendants' document productions have been designated confidential, Plaintiffs submit a representative excerpt of a document containing relevancy redactions but have omitted the document's un-redacted, substantive content which was marked confidential.

**3. JLR Limited's failure to identify email custodians, hit lists, and other information addressing the completeness of its email productions.**

In a January 26, 2026, email to Defendants' counsel, Plaintiffs reiterated their request that Defendants use agreed-upon search terms to search the emails and other means of communications for 21 Land Rover employees identified on a document bates-labeled JLR_Rains 000299-305. To date, only a small number of emails have been produced, creating significant concern about search completeness.

During conferrals, Plaintiffs have repeatedly sought information from JLR Limited concerning its production of electronically stored information including the following categories of information:

a. the identity and job title of each custodian whose files were collected, and the date range applied to each;

b. for each search term and query string applied, hit counts by term;

c. an identification by name of each custodial system, database, or repository searched — including warranty and claims systems, quality and field-issue tracking systems, dealer communication and technical hotline systems, engineering change management systems, and supplier quality systems — and each such system that was not searched, with the reason;

d. confirmation whether text messages, chat and collaboration platforms, and ephemeral messaging applications were collected; and

e. the identity of any custodians Plaintiffs proposed and Defendants declined to collect.

Plaintiffs need the above information to verify whether Defendants' document production to date is "complete" as JLR Limited claims or revise the search terms to capture relevant correspondence. *E.g.,* Dkt. No. 125 (JLR Limited "anticipates . . . substantial completion by August 14, 2026")). Simply put, Plaintiffs cannot assess the completeness of JLR Limited's email productions without knowing how JLR Limited searched for responsive documents including which custodians and databases it did and did not search, nor can they determine whether the search terms used need to be revised. *See, e.g., Burrell v. Lackawanna Recycling Ctr., Inc.*, 2024 WL 5058766, at *2 (M.D. Pa. Dec. 10, 2024) (order required that party "run a search of electronically stored information using the search parameters described by Plaintiffs' counsel . . . and provide Plaintiffs with the number of responsive documents captured by the search (a 'hit list')").

This is not a request to audit Defendants' process in the abstract. JLR Limited represented that it anticipated substantial completion of its production by August 14, 2026. Dkt. No. 125. That date has passed, yet JLR Limited has neither certified completion nor disclosed the methodology on which its representation rests. Plaintiffs have also identified concrete indicia that the production is incomplete. For instance, Plaintiffs have asked that JLR Limited search the records of at least

21 individuals but JLR Limited has identified only four custodians by name, some of whom only appear in a handful of emails (*see* Exhibit C (JLR Limited Aug. 14, 2026 Letter identifying custodians)), and JLR Limited has produced no text message or chat data, *e.g.,* Microsoft Teams communications.

Plaintiffs repeatedly requested the above information from JLR Limited, including in their July 30, 2026, discovery dispute letter to Defendants and during the August 19, 2026, conference, but to date JLR Limited has not provided this information to Plaintiffs. Accordingly, Plaintiffs seek an order requiring disclosure of JLR Limited's search methodology.

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order: (1) compelling JLR Limited to produce, within fourteen days, all marketing and advertising materials concerning the Class Vehicles developed for the United States market, as limited above; (2) compelling Defendants to re-produce, within fourteen days and without unilateral relevancy redactions, all documents to which such redactions have been applied, or in the alternative to serve a redaction log within the same period; and (3) compelling JLR Limited to disclose, within fourteen days, the ESI custodian, source, and search-term information described above. Plaintiffs further request such other relief as the Court deems appropriate, and reserve their rights under Federal Rule of Civil Procedure 37(a)(5).

Sincerely,

*/s/ Sergei Lemberg*
Sergei Lemberg
Joshua Markovits
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
slemberg@lemberglaw.com
*Attorneys for Plaintiffs*